IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA DE LOS ANGELES MARTINEZ, et al | * * * |
| Plaintiff | * * |
| v. | * Civil No. 07-1394 (SEC) |
| EFRAIN GONZALEZ-DROZ, et al | * * * * |
| Defendants | * * * |

**OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(1) (Docket # 12), and Plaintiffs' opposition thereto (Docket # 14). After reviewing the filings and the applicable law, Defendants' motion to dismiss will be **DENIED**.

**Factual Background**

Plaintiffs are María de los Angeles Martínez (hereinafter Martínez), her husband, Carlos Rubén Rosa (hereinafter Rosa), and their Conjugal Partnership. Defendants are Dr. Efraín González-Droz (hereinafter Dr. González), his spouse, and several unnamed defendants. Martínez alleges that she went to Dr. González's office for a cosmetic surgical procedure; her main concern being her abdomen. Upon examining her, Dr. González recommended that she also consider breast surgery to augment and lift her breasts. She accepted his recommendations and underwent surgery in Dr. González's office on May 11, 2006. However, the next day, upon removing the bandages, Martínez was disappointed with the results, as her body was worse than before. She alleges that Dr. González was negligent in performing the procedures and that she was mutilated as a result. She seeks damages for the physical and emotional damages suffered by her because of Dr. González's malpractice. Mr. Rosa also seeks relief for his anguish during this process.

**Standard of Review**

**Civil Case 07-1394(SEC)**                                                                                                            2

*Fed. R. Civ. P. 12(b)(1)*

Fed. R. Civ. P. 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). "When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court may consider whatever evidence has been submitted, such as depositions and exhibits." Colón-Vázquez v. El San Juan Hotel & Casino, 483 F. Supp. 2d 147, 150 (D.P.R. 2007).

**Applicable Law and Analysis**

Defendant moves the Court to dismiss this case arguing that Martínez agreed to arbitrate any claim resulting out of alleged medical malpractice. He attached several exhibits to his motion with the alleged arbitration agreement. The exhibits provide that Martínez agreed to arbitrate any claim she might have against Dr. González because of any adverse result of the medical procedures he performed on her, before an Arbitration Panel, and not before a judicial forum. Defendant argues that dismissal is proper because, pursuant to the Puerto Rico arbitration statute, courts must require the parties to an arbitration agreement to comply with the same.

Plaintiff opposed Defendant's motion, stating, under oath, that she never signed any arbitration agreement, and that the signature included in the agreements attached to Dr. González's motion is not her signature. Defendants never replied.

Congress enacted the Federal Arbitration Act "with the purpose of overcoming judicial resistance to arbitration." Colón-Vázquez v. El San Juan Hotel & Casino, 483 F. Supp. 2d 147, 150 (D.P.R. 2007). The Act permits the parties to an arbitration agreement "to move out of court and into arbitration as quickly as possible." Id. at 151. However, "a party seeking to stay proceedings under section 3 or to compel arbitration under section 4 must demonstrate that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." Campbell v. General Dynamics Gov. Systems Corp., 407

**Civil Case 07-1394(SEC)** 3

F. 3d 546, 552 (1st Cir. 2005). The reason for this burden "follows from the bedrock principle that a party seeking to substitute an arbitral forum for a judicial forum must show, at a bare minimum, that the protagonists have agreed to arbitrate some claims." Id.

Although the provisions of the FAA are read to manifest a liberal federal policy favoring arbitration agreements, "[t]he FAA's proarbitration policy does not operate without regard to the wishes of the contracting parties." EEOC v. Waffle House Inc., 534 U.S. 279, 289 (2002). In analyzing whether a valid agreement to arbitrate exists, the Court looks mainly to state contract law. See, Campbell, 407 F.3d at 552 (citing, Perry v. Thomas, 482 U.S. 483, 492 n.9 (1987). Therefore, Puerto Rico contract law determines whether the parties are bound by an arbitration agreement in this case.

Under Puerto Rico law, there is no contract unless the following three elements are present: (1) the consent of the contracting parties; (2) a definitive object subject of the contract; and (3) a cause for the obligations that each party is assuming. 31 P.R. Laws Ann. § 1213. The fact that Plaintiffs deny, under oath, having ever signed an arbitration agreement, and instead have stated that the signature included therein is not Mrs. Martínez's signature, establishes that the main linchpin to a valid arbitration agreement, to wit, Plaintiffs' consent thereto, is missing in this case. This lack of consent precludes us from enforcing the alleged arbitration agreement under Puerto Rico contract law. See, Municipio de Mayagüez v. Lebrón, 2006 TSPR 70, at p. 3 (stating that "conventional arbitration, naturally, is required only when it has been agreed to...."); see also, Crufon Construction Corp. V. Autoridad de Edificios Públicos, 156 D.P.R. 197, 205 (2002)(stating that "even when in Puerto Rico exists a strong public policy favoring [arbitration], this mechanism will only be used when the parties have so agreed and in the way they have agreed.") Therefore, Defendants' motion to dismiss this case is hereby **DENIED**.

The Court will issue a Case Management Order forthwith.

**SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of March, 2008.

**Civil Case 07-1394(SEC)**                                                         4

                                        S/ *Salvador E. Casellas*
                                        SALVADOR E. CASELLAS
_____S/U.S. *Salvador E. Casellas*